IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNANTHONY RAY PUTMAN                                                                    PLAINTIFF

v.                               Civil No. 6:23-cv-06041-SOH-MEF

SERGEANT MAHER,                                                                          DEFENDANTS
JAIL ADMINISTRATOR FRED PHILLIPS
and SHERIFF SCOTT FINKBEINER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on April 5, 2023.  (ECF No. 1).  Plaintiff is currently incarcerated in the Hot Spring County Jail, and he identifies himself as a pretrial detainee being held for a parole violation.  (*Id*. at 2).  For his first claim, Plaintiff alleges he was denied access to the courts on March 5, 2023.  (*Id*. at 4).  He names Defendants Maher and Phillips as the Defendants involved.  (*Id*.).  Plaintiff alleges he "carefully and kindly" placed a kiosk request asking if there were any warrants, holds, or other accusations against him.  (*Id*.).  Defendant Maher "rudely responded" and told him he had no right to know the identity of his accusers, and it was

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

illegal for her to inform him.  Plaintiff believes the Sheriff has this information.  (*Id*. at 5).  Plaintiff proceeds against these Defendants in both their official and individual capacity for this claim.  (*Id*.).  As his official capacity claim, he alleges "public information should not & is not illegal & should be obtainable."  (*Id*.).

Plaintiff alleges the incidents for his second claim occurred on February 18, March 1, and March 17 of 2023.  (ECF No. 1 at 6).  He alleges he informed Defendant Phillips that he and other inmates "became ill" or had "feelings of allergic reactions" to the "cakes of dust and mold from the ceiling and shower area."  (*Id*.).  He further alleges he has suffered from sneezing, a runny nose, scratchy throat, headaches and "constant bathroom usage" since being incarcerated.  (*Id*.).  Plaintiff alleges Phillips intentionally disregarded his multiple verbal requests and electronic grievances.  (*Id*.).  He alleges Defendant Finkbeiner is aware of the situation.  (*Id*.).  Plaintiff proceeds against these Defendants in both their official and individual capacity for this claim.  (*Id*. at 7).  As his official capacity claim, he alleges both Defendant are aware of these conditions and have not acted accordingly.  (*Id*. at 7).

Plaintiff seeks compensatory, punitive, and other relief.  (ECF No. 1 at 9).  He asks for $3.5 million dollars for pain and suffering and asks the Court to grant his request to subpoena his requests and grievances.[2]

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

---

[2] No request has been filed with the Court in this case.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Denial of Access to Courts

Plaintiff has failed to state a plausible claim for denial of access to the courts based on his allegation that Defendant Maher refused to tell him if there were any warrants, holds, or other accusations against him. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless,

*Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in several ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury because of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-2; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Plaintiff fails to allege that he suffered any prejudice or actual injury to any state criminal cases because of the Defendants' conduct. Further, he was able to file this case and two additional § 1983 cases in this District.[3] Thus, he has failed to state a plausible claim for denial of access to the courts.

---

[3] *Putnam v. Phillips*, Case No. 6:23-cv-6049, and *Putnam v. Elkins*, Case No. 6:23-cv-6052.

### B. Conditions of Confinement

As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)). In articulating the standard governing pretrial detainees' claims related to conditions of confinement, the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979), held that the government may detain defendants prior to trial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39). Not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.* "In considering whether the conditions of pretrial detention are unconstitutionally punitive, [courts] review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

In this case, the imposition upon Plaintiff was *de minimis*. Plaintiff does not allege that any Defendant expressly demonstrated an intent to punish him. Further, he alleges only that he suffered minor allergy symptoms and used the restroom frequently. He does not allege that he required or requested medical care. Thus, Plaintiff fails to state a plausible conditions of

5

confinement claim. *See*, *Munn v. Toney*, 433 F.3d 1087, 1089 (8th Cir. 2006) (headaches, cramps, nosebleeds, and dizziness are *de minimis*); *Williams v. Pineda*, 5:22-CV-05047, 2022 WL 18109624, at *5 (W.D. Ark. Dec. 14, 2022), *report and recommendation adopted*, 5:22-CV-5047, 2023 WL 51491 (W.D. Ark. Jan. 4, 2023) (sniffles and a runny nose are *de minimis*).

### IV.  CONCLUSION

For these reasons, it is recommended that:

1. This case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, that the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE